# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LEE VERNON WARREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1028 TCM |
| | ) | |
| JEFF NORMAN and the MISSOURI | ) | |
| BOARD OF PROBATION AND | ) | |
| PAROLE, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge the decision of the Missouri Board of Probation and Parole (the "Board") denying petitioner release from confinement on August 12, 2010. It appears from the face of the petition that petitioner has failed to exhaust available state remedies. As stated below, the Court will order petitioner to show cause why this case should not be summarily dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Petitioner is serving a sentence of life imprisonment for first degree murder. On July 28, 2010, the Board held a parole hearing to determine if petitioner qualified

for conditional release. The Board denied conditional release, stating, "Release at this time would depreciate the seriousness of the present offense based on . . . [c]ircumstances surrounding the present offense." Petitioner says that he did not appeal the decision or file any petition in state court challenging the decision. Petitioner argues that the Board violated his constitutional rights in denying early release.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. <u>Wayne</u>, 83 F.3d at 996-97.

Because it appears that petitioner has failed to exhaust available state remedies, it appears that petitioner is not entitled to habeas relief. As a result, the Court will order petitioner to show cause, no later than thirty days from the date of this Order, why his petition should not be dismissed for failure to exhaust available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, no later than thirty (30) days from the date of this Order, why his petition should not be dismissed for failure to exhaust available state remedies.

**IT IS HEREBY ORDERED** that if petitioner fails to comply with this Order, his petition will be dismissed without prejudice.

Dated this 9th day of June, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE