# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LEE VERNON WARREN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11CV1028 TCM |
| ) | |
| JEFF NORMAN and the MISSOURI ) | |
| BOARD OF PROBATION AND ) | |
| PAROLE, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

On June 9, 2011, the Court ordered petitioner to show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed for failure to exhaust available state remedies.

Petitioner seeks to challenge the decision of the Missouri Board of Probation and Parole (the "Board") denying petitioner release from confinement on August 12, 2010. To properly exhaust available state remedies before bringing a federal petition for habeas corpus, petitioner must have either brought a declaratory action against the Board, filed a state petition for habeas corpus, or filed a petition for writ of mandamus in state court. Wayne v. Missouri Bd. of Probation and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996).

In his response to the Court's order to show cause, petitioner says that he did not attempt to exhaust his available state remedies before bringing this action. Petitioner says that he has tried to appeal from the Board's decisions on past

occasions, and he apparently believes such actions are futile. However, petitioner's belief that exhausting available state remedies is futile does not excuse his failure to do so. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (exhaustion is mandatory "[i]n the absence of exceptional circumstances."). As a result, the Court will dismiss this action without prejudice.

Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 30th day of June, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE